**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICIA BROYLES,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>A.U.L. CORPORATION LONG TERM DISABILITY INSURANCE PLAN,<br><br>    Defendant - Appellee. | No. 09-17658<br><br>D.C. No. 3:07-cv-05305-MMC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Argued and Submitted December 9, 2010
San Francisco, California

Before: D.W. NELSON, THOMPSON, and McKEOWN, Circuit Judges.

Petitioner Patricia Broyles ("Broyles") appeals the district court's order

denying her claim for benefits under the A.U.L. Disability Plan ("Plan"), a long-

term disability benefits plan governed by the Employee Retirement Income

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461.  The district court found that Appellee Standard Insurance Company ("Standard") did "not abuse its discretion in finding Broyles did not meet the Plan's definition of disabled."  **ER 14.**  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

When a district court conducts a bench trial on the administrative record, we review the "'choice and application of the appropriate standard for reviewing benefits decisions by an ERISA plan administrator' de novo."  *Montour v. Hartford Life & Accident Ins. Co.*, 588 F.3d 623, 629 (9th Cir. 2009) (quoting *Sznewajs v. U.S. Bancorp Amended & Restated Supplemental Benefits Plan*, 572 F.3d 727, 732 (9th Cir. 2009)).  The district court's findings of fact are reviewed for clear error.  *Id.*

Because the Plan grants discretionary authority to Standard, we review Standard's decision for abuse of discretion.  *Id.* (quoting *Saffon v. Wells Fargo Co. Long Term Disability Plan*, 522 F.3d 863, 866 (9th Cir. 2008)).  Where, as here, "the same entity that funds an ERISA benefits plan also evaluates claims," the plan administrator has a "structural conflict of interest: since it is also the insurer, benefits are paid out of the administrator's own pocket, so by denying benefits, the administrator retains money for itself."  *Id.* at 630.  The existence of a conflict of interest does not alter the standard of review itself, but instead alters its application.

2

*Id.* at 631. "If [the] facts and circumstances [of a case] indicate the conflict may have tainted the entire administrative decision-making process, the court should review the administrator's stated bases for its decision with enhanced skepticism: this is functionally equivalent to assigning greater weight to the conflict of interest as a factor in the overall analysis of whether an abuse of discretion occurred." *Id.*

We conclude that Standard did not abuse its discretion in denying Broyles' claim for benefits. The district court correctly reviewed the administrator's exercise of discretion with a low level of skepticism, as Broyles did not submit any evidence demonstrating a conflict of interest beyond the structural conflict. The district court then properly concluded that the Attending Physician's Statement provided by Broyles' treating physician was "unclear and open to conflicting interpretations," and was unsupported; that any disability that occurred outside the benefits period was irrelevant for the purposes of evaluating Broyles' claim; and that Broyles' self-reported symptoms were inconsistent with a finding of disabling pain. **ER 11-14.** In light of the conflicting evidence in the record, Standard did not abuse its discretion in denying Broyles' claim for benefits.

We also affirm the district court's decision granting Standard's motion to strike Broyles' supplemental evidence. The evidence submitted by Broyles did not

relate to the effect of the structural conflict of interest on Standard's decision. *See*

*Abatie v. Alta Health Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006) (en banc).

**AFFIRMED.**